**Brent M. BAKER, Petitioner–Appellant,**

v.

**Terry L. STEWART and the Attorney General of the State of Arizona; Respondents–Appellees.**

No. 03–15523.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided June 29, 2004.

David Taylor Shannon, AFPD, Federal Public Defender's Office, Tucson, AZ, for Petitioner–Appellant.

Jon George Anderson, Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM ***

We affirm the district court's finding that Brent M. Baker's 28 U.S.C. § 2254 petition is time barred under the one year limitations period of 28 U.S.C. § 2244(d)(1). The parties agree that 364 days elapsed from the time of the final denial of Baker's post-conviction claim for relief by the Arizona Court of Appeals and the filing of this action. Whether the statute of limitations commenced on December 12, 1997, as the magistrate judge found, or twenty days later on January 2, 1998, as the district court found, is of little consequence as it is clear that Baker did not have any post-conviction action pending in state court until February 12, 1998 that could serve to toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Since at least forty additional days elapsed between the time when Baker's sentence of incarceration was final and when he filed his first action for post-conviction relief in

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

state court, his petition is not timely. We decline to certify to the Arizona Supreme Court the question of whether Baker's sentence was not final until restitution proceedings were completed.

AFFIRMED.